IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SILAS ERIC MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:13-CV-00055 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Silas Eric McDaniel ("McDaniel"), filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f. Specifically, McDaniel alleges that the Administrative Law Judge ("ALJ") failed to develop the record and that his decision is not supported by substantial evidence. I conclude that substantial evidence supports the ALJ's decision as a whole. Accordingly, I **RECOMMEND DENYING** McDaniel's Motion for Summary Judgment (Dkt. No. 13), and **GRANTING** the Commissioner's Motion for Summary Judgment. Dkt. No. 15.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that McDaniel failed to demonstrate that he was disabled

1

under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

McDaniel protectively filed for SSI on December 8, 2010, claiming that his disability began on January 1, 2008. R. 134-41. The Commissioner denied his application at the initial and reconsideration levels of administrative review. R. 55-61, 62-72. On July 26, 2012, ALJ Brian B. Rippel held a hearing to consider McDaniel's disability claim. R. 27-54. McDaniel was represented by an attorney at the hearing, which included testimony from McDaniel and vocational expert ("VE") Dr. Barry Steven Hensley. R. 27-54.

On August 16, 2012, the ALJ entered his decision analyzing McDaniel's claim under the familiar five-step process[2] and denying McDaniel's claim for benefits. R. 11-26. The ALJ

---

[1] The Act deems a person disabled for SSI purposes "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. § 1382c(a)(3)(B).

[2] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

2

found that McDaniel suffered from the severe impairments of spine disorder (mild degenerative disc disease) and obesity. R. 16. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 16-17. The ALJ further found that McDaniel retained the RFC to perform light work,[3] except he is "limited to occasional stooping, crawling and climbing of ladders/ropes/scaffolds, frequent climbing of stairs/ramps and must avoid concentrated exposure to vibrations and hazards." R. 17. The ALJ determined that McDaniel could not return to his past relevant work as a tractor trailer long distance hauler (R. 21), but that McDaniel could work at jobs that exist in significant numbers in the national economy such as truck driver, non-postal mail clerk, production inspector, or cashier. R. 22. Thus, the ALJ concluded that McDaniel was not disabled. R. 23. On September 10, 2013, the Appeals Council denied McDaniel's request for review (R. 1–5), and this appeal followed.

## ANALYSIS

McDaniel argues that the ALJ erred by failing to develop the record for his right arm impairment and that substantial evidence does not support the ALJ's decision.

### Duty to Develop the Record

McDaniel claims that the ALJ failed to fully develop the record by rejecting McDaniel's request for a consultative examination, or alternatively a supplemental hearing with a medical expert, for his right arm impairment. Dkt. No. 13, p. 4-5. I find that the ALJ's decision was based on an adequately developed record.

A consultative examination is generally obtained to resolve any conflicts or ambiguities within the record, as well as "to secure needed medical evidence, such as clinical findings,

---

[3]An RFC is an assessment, based upon all of the relevant evidence, of what a claimant can still do despite his limitations. 20 C.F.R. § 404.1545. Descriptions and observations of a claimant's limitations by him and by others must be considered along with medical records to assist the Commissioner in deciding to what extent an impairment keeps a claimant from performing particular work activities. Id.

3

laboratory tests, a diagnosis or prognosis." 20 C.F.R. §§ 404.1519a(b), 416.919a(a). A consultative examination must be ordered when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim. 20 C.F.R. §§ 404.1519a(b), 416.919a(b). The ALJ has the discretion to determine when a consultative examination is necessary. 20 C.F.R. §§ 404.1519a(a), 416.919a(a). In this case, the ALJ was within his discretion not to order a consultative examination with regard to McDaniel's alleged right arm impairment. At the time of application, McDaniel did not claim a disability as a result of any limitations in his right arm.[4] R. 157 (filing for disability for his conditions of ruptured disc, nerve damage, and back and leg problems). Moreover, the ALJ kept the record open for seven days after his hearing to accept treatment records from UVA Hospital East, which allowed McDaniel to enter records relating to his right arm impairment. R. 30. The additional records submitted following the hearing provided sufficient information about McDaniel's right arm. At the hearing before the ALJ, McDaniel's counsel claimed that UVA Hospital East's treatment records "are going to indicate that he has significant limitation in the use of his right arm, dominant arm." R. 53. With the newly admitted treatment records providing clinical findings about McDaniel's right arm impairment, the ALJ had sufficient information to support a decision and was not required to order a consultative examination.

McDaniel further contends that regardless of the reasonableness of the ALJ's decision not to order a consultative examination, the ALJ failed to rule on McDaniel's request and his claim should be remanded to determine the justification for his denial. As neither party knew whether an ALJ is required to address the request for an examination, the court instructed the parties to

---

[4] This case is distinguishable from Kersey v. Astrue, where the court held that an ALJ had a duty to obtain a consultative opinion where the claimant alleged disabling impairments in her disability application, and the record contained no opinion evidence regarding claimant's impairments and limitations. 614 F. Supp. 2d 679, 694 (W.D. Va. 2009).

4

submit supplemental briefs addressing whether an ALJ has an obligation to address the request on the record or in his opinion. Dkt. No. 18. McDaniel chose not to submit a brief supporting his position. The Commissioner submitted a supplemental memorandum asserting that "she is unaware of any legal authority that requires an administrative law judge (ALJ) to formally respond to a claimant's counsel's oral request at a hearing for the ALJ to schedule a consultative examination." Dkt. No. 20, p. 1. The Commissioner bolstered her argument by contending that McDaniel needed to demonstrate actual prejudice and explain what a fully developed record could have shown (Dkt. No. 20, p. 2-3); she claimed McDaniel had done neither in his briefing nor at oral argument. Dkt. No. 20, p. 2-3. The Commissioner also suggested McDaniel's lack of new evidence to this court suggested the ALJ's indecision was not prejudicial. Dkt. No. 20, p. 3 (citing Hall v. Secretary of Health, Educ., & Welfare, 602 F.2d 1372, 1378 (9th Cir. 1981).

The court has not found Fourth Circuit law addressing whether an ALJ must rule on a request for a consultative examination. However, the Tenth Circuit has held that an ALJ is not required to rule on such a request.[5] See Harlan v. Astrue, 510 F. App'x 708, 712 (10th Cir. 2013) ("Without a statute, regulation, or case requiring an ALJ to rule on a request for a consultative examination or to provide reasons for the ALJ's ruling, the appropriate inquiry continues to be whether the ALJ met his responsibility to ensure the record was sufficiently developed to decide the issues presented at the hearing."); see also Lundgren v. Colvin, 512 F. App'x 875, 878-79 (10th Cir. 2013) (holding that an ALJ does not have to provide a reason for denying a consultative examination). Rather than remanding solely on an ALJ's decision not to explicitly rule on a request for a consultative examination, the Tenth Circuit focuses its fact-

---

[5] Two district courts in the Tenth Circuit have remanded cases claiming a duty to rule on a request for a consultative examination. See Taylor v. Astrue, No. 09-CV-0129, 2010 WL 3277426 (N.D. Oka. Aug. 17, 2010); Fortna v. Astrue, No. 05-CV-587 (N.D. Oka. May 1, 2007)). However, these two cases predated Harlan and Lundgren; moreover, both of these cases contained other primary issues that merited remand. See Warner v. Colvin, No. 13-CV-277, 2014 WL 4437732, at *6 (N.D. Okla. Sept. 9, 2014).

5

intensive inquiry on whether the ALJ's indecision affected his duty to fully develop the record. See Warner v. Colvin, No. 13-CV-277, 2014 WL 4437732, at *6 (N.D. Okla. Sept. 9, 2014) (citing Harlan, 510 F. App'x at 712). Considering the Fourth Circuit has not required an ALJ to rule on such a request, the Tenth Circuit's approach is persuasive and shall be applied to this matter.

It is true that the ALJ has a duty to develop the record. See Cook v. Heckler, 783 F.2d 1168, 1173–74 (4th Cir. 1986). "[T]he ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." Id. (citations omitted). The failure of the ALJ "to ask further questions and to demand the production of further evidence, as permitted by 20 C.F.R. § 404.944" may amount to neglect of this duty. Id.

This duty is discharged, however, so long as "the record is adequate to make a determination regarding a disability claim." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000); Kersey v. Astrue, 614 F. Supp. 2d 679, 693 (W.D. Va. 2009) (citing Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986)); cf. Parker v. Astrue, 792 F.Supp.2d 886, 895 (E.D.N.C. 2011). Further, this duty does not transform the ALJ into claimant's counsel and the ALJ "has the right to assume that counsel is presenting the claimant's strongest case for benefits." Blankenship v. Astrue, 2012 WL 259952, at *13 (S.D.W. Va. Jan. 27, 2012) (citations omitted). "The regulations require only that the medical evidence be 'complete' enough to make a determination regarding the nature and severity of the claimed disability, the duration of the disability and the claimant's residual functional capacity." Kersey v. Astrue, 614 F. Supp. 2d 679, 693–94 (W.D. Va. 2009) (citing 20 C.F.R. §§ 404.1513(e) and 416.913(e)). Therefore, the inquiry in determining "whether the record is adequate to support a judicious administrative decision"

6

centers on whether there are "evidentiary gaps" that prejudice the rights of the claimant. Blankenship, 2012 WL 259952, at *13 (citing Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980)).

The evidence before the ALJ was adequate to determine that McDaniel did not suffer from severe right arm impairment. The ALJ considered all of the evidence presented by McDaniel, including records from the Johnson Health Center, the Orthopedic Center of Central Virginia, the UVA Emergency Room, and UVA Hospital East. R. 18-20. The ALJ also reviewed the opinions of the state agency consultants, James Darden, M.D. and Joseph Duckwall, M.D. R. 21. Upon review of these records and opinions, the ALJ noted McDaniel's complaints of pain and numbness in his right arm, his loss of grip strength, and his difficulty lifting his arm over his head. R. 18-20. However, the record does not demonstrate that the right arm impairment was severe or that it functionally limited McDaniel's ability to work.

Furthermore, beyond generally seeking a consultative examination, McDaniel "has not identified material evidence that was missing at the hearing and has not presented new material evidence that should be considered." Clark v. Astrue, 2011 WL 3611326, at *3 (W.D. Va. Aug. 17, 2011). The examination of McDaniel's arm and spine at UVA Hospital East, which occurred less than two months prior to the ALJ's decision, fulfilled the purpose of a consultative examination. R. 250-77. McDaniel's counsel contended at the hearing before this court that McDaniel's examination at UVA could not replace a consultative examination because UVA doctors refuse to complete medical source statements. Dkt. No. 19. However, a medical source statement assessing McDaniel's limitations seems unnecessary because he lacks a diagnosis. Although the UVA doctors diagnosed McDaniel's back pain as a spine disorder and acknowledged his statements about arm pain, they do not offer a diagnosis for his arm

7

impairment. R. 250-77. A medical source statement without a diagnosis would not assist an ALJ in making his decision. Therefore, I find that the ALJ was not derelict in his duty to develop the record as to McDaniel's right arm impairment.

## **Substantial Evidence**

This record provides substantial evidence in support of the ALJ's decision that McDaniel was not disabled due to right arm impairment from his alleged onset date of January 1, 2008 through the date of decision on August 16, 2012. The medical evidence establishes that McDaniel discussed right arm pain starting in mid-2012; however, the ALJ found that the evidence fails to establish that McDaniel's pain amounts to a severe impairment or that its corresponding functional loss rose to the level of total disability during the relevant period. The medical record shows that McDaniel was diagnosed with chronic back pain (R. 259), and had complaints of right arm pain and weakness which may have been caused by his chronic back pain. R. 253, 262. However, "[t]he mere diagnosis of an impairment does not establish that a condition is disabling; there must be a showing of related functional loss." See Hawkins v. Astrue, C.A.8:08-3455HMHBHH, 2009 WL 3698136, at *4 (D.S.C. Nov. 3, 2009) (citing Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986)). The need to show a related functional loss is particularly necessary without a clear diagnosis from a doctor, such as with McDaniel's right arm pain.

The ALJ undertook the five-step evaluation to review McDaniel's disability claims. He reviewed whether McDaniel (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005). Upon review of McDaniel's impairments, the ALJ correctly found that

8

he suffers from severe impairments that still allow him to perform light work with limitations for his impairments. The ALJ proceeded through steps one to four in favor of McDaniel, finding that he had not engaged in substantial gainful activity since the application date; he suffered from spine disorder and obesity; he did not suffer from one or a combination of listed or similarly severe impairments; and his residual functional capacity limited his ability to work to only light work with several limitations. R. 16-21. However, the ALJ found in the fifth step that McDaniel could perform a job that existed in significant numbers in the national economy. R. 22. The ALJ's determination at step five is the subject of this appeal. Accordingly, I find that the ALJ properly based this determination of McDaniel's right arm impairment on the medical records, his lack of credibility, and the treatment of the opinion evidence.

      The evidence from McDaniel's medical records reveals largely mild medical findings, particularly for his right arm impairment. Physical examinations were unremarkable. See, e.g., R. 270 (finding "[m]ild multilevel degenerative change" and no evidence of fractures, dislocations, or subluxation in his spine). The physical performed on July 30, 2010 for McDaniel's renewal of his CDL license listed "no complaints or problems," noting only a history of lumbar disc degenerative disorder following his 1994 trucking accident. R. 235. In fact, McDaniel showed no signs of joint stiffness, tingling, or numbness during that physical. R. 235. A November 24, 2010 consultation report by Robert Snydor, M.D. documented back pain, joint stiffness, and a blood clot, but did not mention arm pain. R. 225. A December 2, 2010 report from Kenneth Swanson, N.P. noted back and leg pain, but no arm pain. R. 231. McDaniel's function report from February 1, 2011 also does not mention any pain or weakness stemming from his right arm. R. 165-173. A March 4, 2011 exam completed by Mr. Swanson again only documents back pain, in addition to an upper respiratory infection. R. 243-44. In his disability

9

report filed with the Commissioner on July 11, 2011, McDaniel still did not mention any pain from his right arm; he wrote only about pain in his back and legs. R. 183-89.

McDaniel did not notify the Commissioner of his right arm pain until May 30, 2012. R. 208-10. McDaniel stated that he received X-rays, pain medication, and direction to follow-up with his doctor when he was treated for arm pain at the Lynchburg General Hospital Emergency Room. R. 209. The only medical evidence in the record of upper arm pain is from McDaniel's June 24, 2012 evaluation at UVA Hospital East. R. 250-77. The records from UVA Hospital East, which McDaniel's counsel touted at the ALJ's hearing as evidence of right arm impairment (R. 53), demonstrate that McDaniel's primary source of pain is from his back and that he complains of that pain radiating into his right arm. R. 257. The focus of the records from UVA Hospital East is on McDaniel's chronic back pain, which showed no evidence of fractures, subluxation, fractures, or dislocation based on X-ray and MRI results. R. 258-74. UVA Hospital East's records did not offer a diagnosis for the arm impairment or any suggestion that it limited his ability to work. Despite medical review of McDaniel's arm pain, no evidence has come to bear to demonstrate impairment.

While the records from UVA Hospital East document McDaniel's subjective complaints of pain and symptoms, his "statements to physicians by way of history or complaint do not constitute objective medical evidence, and the recording of a claimant's complaints by a physician does not transform those complaints into objective clinical evidence." King v. Barnhart, 6:04CV00053, 2005 WL 3087853, at *4 (W.D. Va. Nov. 16, 2005) (citing Craig, 76 F.3d at 590 n.2). Having reviewed the limited objective medical evidence corroborating McDaniel's claim of disability and the subjective evidence which is part of the record, the ALJ found that McDaniel retained an RFC limited to light work with postural and environmental

10

limitations. R. 17.  Moreover, the ALJ's hypothetical questions to the vocational expert regarding jobs available to an individual of McDaniel's age, education, and work experience reasonably accounted for limitations established by the evidence. R. 42-45, 48-49.

McDaniel's subjective complaints of disabling symptoms are not conclusive. Rather, the ALJ must examine all of the evidence, including the objective medical record, and determine whether McDaniel has met his burden of proving that he suffers from an underlying impairment that is reasonably expected to produce his claimed symptoms. Craig, 76 F.3d at 592–93.  A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. See Shively v. Heckler, 739 F.2d 987, 989–90 (4th Cir. 1984). Given these well-established principles, and the evidence in the record before the ALJ, I decline to disturb the ALJ's finding that McDaniel's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." R. 20.

Substantial evidence supports the ALJ's finding that McDaniel was not entirely credible. The administrative record suggests that McDaniel had exaggerated his symptoms. See, e.g., R. 227 (noting "symptom magnification"). Dr. Snydor recommended physical therapy to McDaniel and continued treatment with a family physician (R. 227); however, no documentation exists in the record suggesting that McDaniel ever participated in physical therapy. The ALJ also noted that McDaniel had no physical complaints as of July 2010 during his physical for his CDL license, which occurred only six months prior to filing his application for benefits (R. 20); this is in direct contradiction with his alleged onset date of January 1, 2008. R. 235. Further, McDaniel faced large gaps in treatment during times he contests he was disabled and in great

11

pain. R. 20 (noting no treatment records from January 2008 through November 2009 and from March 2011 through May 2012). The objective record, and even McDaniel's subjective statements until mid-2012, did not support McDaniel's subjective statements of right arm impairment at the ALJ's hearing.

Substantial evidence also supports the ALJ's treatment of opinion evidence in the record. Dr. Darden's and Dr. Duckwall's medical opinions for McDaniel's physical functioning found that he could engage in light work with no limitation on his ability to push or pull. R. 58, 67. Treating physicians recommended conservative treatment, such as attending physical therapy, and not more extreme treatment courses that could be indicative of an inability to work. R. 227. The medical records and medical opinions suggest that McDaniel was capable of some level of work subject to limitations. The ALJ accepted Dr. Darden's and Dr. Duckwall's opinions of McDaniel's physical impairments, but he found that these opinions and the medical record did not support a finding of a disability. This analysis reflects reasoned consideration of the medical opinions in relation to the entire record. The RFC properly accounted for all of McDaniel's physical limitations established by the medical evidence. I find no error in this analysis and find that substantial evidence supports the ALJ's evaluation of the medical record.

## **CONCLUSION**

It is not the province of the court to make a disability determination. The court's role is limited to determining whether the Commissioner's decision is supported by substantial evidence, and in this case, substantial evidence supports the ALJ's opinion. The ALJ properly considered all of the objective and subjective evidence in adjudicating McDaniel's claim for benefits and in determining that his impairments would not significantly limit his physical or mental ability to do basic work activities. Accordingly, I recommend that the Commissioner's

12

Case 6:13-cv-00055-NKM-RSB   Document 21   Filed 02/10/15   Page 12 of 13   Pageid#: 359

decision be affirmed, the defendant's motion for summary judgment be **GRANTED**, and McDaniel's motion for summary judgment be **DENIED**.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter: February 10, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge